Citation Nr: 1111573 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-32 301A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for left knee disorder.

2. Entitlement to service connection for bilateral ankle disorder.


REPRESENTATION

Appellant represented by: National Association for Black Veterans, Inc.


ATTORNEY FOR THE BOARD

Bridgid D. Cleary, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1979 to May 1979.

This matter has come before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Winston-Salem, North Carolina, Department of Veterans Affairs (VA) Regional Office (RO).

The issue of service connection for bilateral ankle disorder is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDING OF FACT

The competent and credible evidence does not show that the Veteran's left knee disorder is causally related to his military service.
 

CONCLUSION OF LAW

A left knee disorder was not incurred in or aggravated by service. 38 U.S.C.A. 
§§ 1110, 1112, 1113, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. 
§§ 3.303, 3.307, 3.309, 3.310 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2010). 

Proper notice from VA must inform the claimant of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

In addition, the notice requirements of the VCAA apply to all elements of a service-connection claim. Accordingly, notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

VCAA notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). Where complete notice is not timely accomplished, such error may be cured by issuance of a fully compliant notice, followed by readjudication of the claim. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

Here, the Veteran was sent a letter in December 2007 that fully addressed all notice elements and was issued prior to the initial RO decision in this matter. The letter provided information as to what evidence was required to substantiate the claims and of the division of responsibilities between VA and a claimant in developing an appeal. Moreover, the letter informed the Veteran of what type of information and evidence was needed to establish a disability rating and effective date. Accordingly, no further development is required with respect to the duty to notify.

Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

In determining whether the duty to assist requires that a VA medical examination be provided or medical opinion obtained with respect to a veteran's claim for benefits, there are four factors for consideration. 

These four factors are: (1) whether there is competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) whether there is evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifesting during an applicable presumption period; (3) whether there is an indication that the disability or symptoms may be associated with the Veteran's service or with another service-connected disability; and (4) whether there otherwise is sufficient competent medical evidence of record to make a decision on the claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). 

With respect to the third factor above, the Court of Appeals for Veterans Claims has stated that this element establishes a low threshold and requires only that the evidence "indicates" that there "may" be a nexus between the current disability or symptoms and the veteran's service. The types of evidence that "indicate" that a current disability "may be associated" with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation. McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

In this case, the service treatment records are silent as to any complaints or treatment for a left knee disability. Moreover, the post-service evidence does not indicate any current complaints or treatment referable to a left knee disability until several years following separation. Furthermore, the record contains no competent evidence suggesting a causal relationship between a current left knee disability and active service. Moreover, as will be discussed below, the Veteran's statements as to the cause of the injury are not deemed credible. For all of these reasons, the evidence does not indicate that the claimed disability may be related to active service such as to require an examination, even under the low threshold of McLendon.

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains the Veteran's service treatment records, as well as post-service reports of VA and private treatment and examination. Moreover, the Veteran's statements in support of the claim are of record. The Board has carefully reviewed such statements and concludes that no available outstanding evidence has been identified. The Board has also perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim. 

For the above reasons, no further notice or assistance to the appellant is required to fulfill VA's duty to assist the appellant in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

Left Knee Disorder

Direct service connection requires competent and credible evidence of a current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The medical evidence of record includes a diagnosis of bilateral degenerative joint disease of the knees in October 1996. This diagnosis is confirmed by the x-rays taken in conjunction with May 1997 VA Joints examination, which were consistent with mild osteoarthritis of the left knee, and by subsequent VA treatment records. Thus, the first element of a service connection claim, that of current disability, is satisfied here.

As a chronic condition, arthritis, including degenerative joint disease, would be entitled to presumptive service connection if the disease became manifest to a degree of ten percent or more within one year of separation. 38 C.F.R. §§ 3.307, 3.309. In this case, however, the evidence does not show, and the Veteran has not alleged, that his left knee disorder began within a year of his separation from service. The first diagnosis of a left knee disability was a diagnosis in 1996, more than 25 years after the Veteran's separation from service. Earlier records note right knee complaints dating back to 1990, with no mention of complaints referable to the left knee. Likewise, his prior claims of service connection for the right knee imply that his knee symptoms began in the right knee in 1990 before becoming a bilateral problem. Therefore, presumptive service connection is not warranted here.

The second requirement for direct service connection is competent and credible evidence of an in-service occurrence or aggravation of a disease or injury. Davidson, 581 F.3d 1313. To this end, the Veteran states that he injured his knee while on jump status. The Veteran is competent to report an in-service injury, such as one that may occur during parachute training. See e.g., Savage v. Gober, 10 Vet. App. 488, 497-98 (1997); Harvey v. Brown, 6 Vet. App. 390, 394 (1994). However, the Board finds this account not credible. According to his DD-214, the Veteran served on active duty for one month and 29 days in basic training. He did not receive a parachutist badge. It is implausible that this Veteran would have been trained as a parachutist and even more so that such a deviation from standard training would go undocumented. Thus, the Veteran's account of an in-service injury while on jump status is deemed not credible. Likewise, the service treatment records contain no complaints of, treatment for, or diagnosis of a left knee disability. Thus the in-service occurrence requirement has not been satisfied.

Alternately, service connection may be established by a continuity of symptomatology, not necessarily continuity of treatment, between a current disorder and service. Wilson v. Derwinski, 2 Vet. App. 16, 19 (1991); see also 38 C.F.R. § 3.303. However, the Veteran has not alleged, nor does the record suggest, continuous left knee symptoms dating back to his active duty military service. As noted above, there is no indication that the Veteran's symptoms were present within the first year of his separation and the first diagnosis of a left knee disability was a diagnosis in 1996, more than 25 years after his separation from service. See Maxson v. West, 12 Vet. App. 453 (1999), aff'd., 230 F.3d 1330 (Fed. Cir. 2000) (service incurrence may be rebutted by evidence that includes, as one factor for consideration, the absence of medical treatment for the claimed condition for many years after service). Thus continuity of symptomatology is not established in this case. Again, he has not expressly reported a history of continuous left knee symptoms. Moreover, to the extent that such might be implied in his claim, such is not credible here. Indeed, the Veteran raised claims of service connection for right foot and right knee problems as early as 1996. Thus, he was aware of the claims process and it is reasonable to expect that if he had been experiencing left knee problems at that time he would have also claimed service connection for that as well. The absence of such claim strongly suggests that he was asymptomatic as to the left knee at the time those earlier claims were filed.

Finally, no competent medical evidence of record causally relates the current left knee arthritis to active service. The Veteran may believe that such a connection exists. In this regard, the Board acknowledges Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007), in which it was held a lay person may speak as to etiology in some limited circumstances in which nexus is obvious merely through lay observation, such as a fall leading to a broken leg. Here, however, the question of causation extends beyond an immediately observable cause-and-effect relationship and, as such, the Veteran is not competent to address etiology in the present case.

Moreover, to the extent that the Veteran's left knee disability may be related to a foot or right knee disability, the Board notes that the Veteran is not currently service connected for any disabilities. Thus, entitlement to service connection on a secondary basis is not available here.


In sum, after reviewing all the evidence of record, the Board finds that the preponderance of the medical evidence is against service connection for left knee disorder, and as such the benefit of the doubt cannot be applied in the Veteran's favor. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990). The benefit sought on appeal is accordingly denied. 


ORDER

Entitlement to service connection for left knee disorder is denied.


REMAND

In his November 2007 claim, the Veteran reported chronic pain, swelling, and stiffness of his ankles with limited range of motion. While his account of being on jump status has been found not credible, the Veteran has also claimed that his ankle disability was caused by running in boots during basic training. This claim is consistent with the conditions of his service. For these reasons, the Board finds that a VA medical examination and opinion regarding whether or not a nexus exists between any current bilateral ankle disability and an injury caused by running in boots during service. See 38 U.S.C.A. § 5103A (d); 38 C.F.R. § 3.326; McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of any current bilateral ankle disorder. The claims folder should be available to the examiner and reviewed in conjunction with the examination. Specifically, the VA examiner should address the following questions:
 
a. Does the Veteran currently suffer from a bilateral ankle disability?

b. If so, is it at least as likely as not (i.e., probability of 50 percent or greater) that any currently diagnosed bilateral ankle disability is attributable to the Veteran's military service, to include running in boots during basic training? The examiner is instructed that the Veteran's contentions as to parachute jumps in-service are not credible and thus it should be accepted as fact that such jumps did not occur.

Any opinion should be accompanied by a clear rationale consistent with the evidence of record. If the examiner cannot respond without resorting to speculation, he should explain why a response would be speculative.

2. Thereafter, the RO/AMC should readjudicate the issue of entitlement to service connection for a bilateral ankle disability, in light of the additional evidence obtained. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case. An appropriate period of time should then be allowed for a response, before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).




____________________________________________
ERIC S. LEBOFF
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs